UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILDRED G. JOHNSON,

    Plaintiff,

v.    Case No. 1:15-cv-777

COMMISSIONER OF SOCIAL
SECURITY,    Hon. Ray Kent

    Defendant.
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff completed high school, had additional training in computer science, and had past employment as a teaching assistant/teacher's aide, photographer and certified technician in a school computer lab. PageID.35-36, 156. She alleged a disability onset date of June 11, 2012, which her counsel later amended to August 13, 2012. PageID.29, 31,151. Plaintiff identified her disabling conditions as breast cancer stage 1, reconstructive surgery, stroke on December 2, 2012 affecting left-side speech and cognitive functioning, heart catheterization with stent in 2010, angina, sleep apnea requiring CPAP, diabetes since 2007 and uncontrolled high blood pressure. PageID.155. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on April 14, 2014. PageID.29-36. This decision, which was later approved by the

Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

3

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended onset date of August 13, 2012, and that she meets the insured status requirements of the Act through September 30, 2017. PageID.31. At the second step, the ALJ found that plaintiff had severe impairments of ischemic heart disease, late effects of cerebrovascular accident, history of breast cancer and reconstructive surgery, sleep apnea and migraine headaches. PageID.31. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.32. In this regard, the ALJ specifically addressed Listings 4.04 (ischemic heart disease), 11.04 (central nervous system vascular accident), and 13.10 (malignant neoplastic disease of the breast). *Id.*

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot climb ladders, ropes or scaffolds. She must avoid concentrated exposure to extreme cold and unprotected elevations and dangerous moving machinery.

PageID.33. The ALJ also found that plaintiff was capable of performing her past relevant work as a teacher's aide, work which did not require the performance of work-related activities precluded by her residual functional capacity (RFC). PageID.36-37. Accordingly, the ALJ found that plaintiff has not been under a disability, as defined in the Social Security Act, from June 11, 2012 (the original alleged onset date) through April 14, 2014 (the date of the decision). PageID.36.

### III. ANALYSIS

Plaintiff raised three issues on appeal.

**A.     The Commissioner's analysis and finding that Plaintiff is not disabled is contrary to the medical evidence and is not supported by substantial evidence.**

**B.     The Commissioner erred in finding Plaintiff to have the residual functional capacity for light work with some restrictions. Plaintiff's residual functional capacity at all pertinent times, was well below that required for light exertional work. Furthermore, the Commissioner failed to properly accord proper weight to the opinions of Plaintiff's treating physicians.**

**C.     The Commissioner erred by failing to correctly assess the Plaintiff's residual functional capacity, which, if done properly, would result in the Plaintiff being found disabled under 20 CFR Part 404, Subpart P. App. 2(the "grids") rule 202.06**

Plaintiff's argument appears on one page. With respect to the first issue, plaintiff contends that the ALJ "chose to give a non-examining State Agency physician [sic] over two treating source opinions and failed to give any valid reason for doing so." Plaintiff's Brief (docket no. 14, PageID.576). However, plaintiff did not develop this argument in a cogent manner. Plaintiff presented no argument to support the second and third issues, simply stating:

> Between Mildred's testimony, Dr. Williams records and opinion, Dr. Kio's opinion, the opinion of the VE and ALJ Senander's opinion, Mildred should have been found disabled as of December 2, 2012, when she suffered a stroke. Her ability to function as been terribly hampered since that date. The vascular problem in her brain is not operable, and it is only getting worse.

*Id.*

Plaintiff apparently filed a new claim for benefits, because on February 16, 2016, the same date that defendant filed her response brief, the Social Security Administration (SSA) awarded plaintiff benefits with a disability onset date of April 15, 2014 (i.e., one day after the ALJ denied

5

benefits at issue in this case). *See* SSA Important Information (docket no. 18-1). Based on this development, plaintiff's reply brief requests a sentence four or sentence six remand under 42 U.S.C. § 405(g). *See* Plaintiff's Reply Brief (docket no. 18, PageID.597). Plaintiff also referred to the ALJ's alleged failure to assign proper weight to a treating physician, her cardiologist Alecia Williams, D.O.

### 1.     Treating physician

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the

opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Here, the ALJ addressed Dr. Williams' findings and opinion as follows:

> As part of the preoperative clearance process for the breast reconstruction surgery, an exercise stress test was performed on August 28, 2013 and showed no evidence of ischemia and normal left ventricular ejection fraction of 75 to 80% (Exhibit 10 F). The claimant's cardiologist indicated that no further cardiac testing was indicated but did opine that her reports of chest symptoms of dyspnea could be secondary to microvascular disease (Exhibit 10 F).
>
> \*       \*       \*
>
> Dr. Alecia Williams, who was treated the claimant since December 2, 2012, reported a primary diagnosis of coronary artery disease and indicated that the conditions of coronary artery disease and cerebrovascular disease limit the claimant's ability to stand, sit and walk and that the claimant could do a combination of these for five hours. Dr. Williams also indicated that the claimant needed rest and unpredictable periods of time (Exhibit 10 F page 16). The undersigned did not give this opinion great weight as it is contradicted by the testing results. Although the claimant experiences some dizziness when her blood pressure is low, the objective testing results of claimant's cardiovascular status stable [sic]. The cardiovascular testing does not support the limitations on walking, standing or sitting of less than six hours at a time.

PageID.35.

The ALJ gave good reasons for the weight assigned to Dr. Williams' restrictions, pointing out the discrepancy between those restrictions and plaintiff's stress test. In short, the ALJ

found that Dr. Williams' opinion was not well-supported by medically acceptable clinical and laboratory diagnostic techniques. *See Gayheart*, 710 F.3d at 375. Accordingly, plaintiff's claim of error will be denied.

### 2.     Plaintiff's request for a remand

Plaintiff seeks remands under both sentence four and sentence six of 42 U.S.C. § 405(g). This section authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Commissioner (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Commissioner (sentence-six remand). *See Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 174 (6th Cir. 1994).

#### a.     Sentence four remand

For the reasons discussed, *supra*, this matter is not subject to reversal on the existing record. Accordingly, there is no basis for a sentence four remand.

#### b.     Sentence six remand

Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available

to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.*

"The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006). In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). To show good cause a claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). "The mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the 'good cause' requirement." *Courter v. Commissioner of Social Security*, 479 Fed. Appx. 713, 725 (6th Cir. 2012).

Here, the new evidence submitted by plaintiff consists of the SSA's decision to award plaintiff benefits on February 16, 2016. This award was based on medical reports generated more than one year after the ALJ entered his decision in this case. The subsequent determination that a claimant was disabled does not warrant a remand of his initial benefits denial. *Allen v. Commissioner of Social Security*, 561 F.3d 646, 652 (6th Cir. 2009). Furthermore, "a subsequent favorable assessment is not itself new and material evidence under § 405(g)." *Deloge v. Commissioner of Social Security Administration*, 540 Fed. Appx. 517, 519 (6th Cir. 2013), citing

*Allen*, 561 F.3d at 652-53.  "[O]nly the medical evidence that supported the favorable assessment can establish a claimant's right to a remand." *Id.*  The SSA's February 16, 2016 decision lists following medical evidence in support of an award of benefits: Indiana Health Information Exchange (IHIE) (9/2/2015); Bronson Healthcare Midwest General & Vascular (9/21/2015); Goshen Health System Inc. (9/24/2015);  Three Rivers Area Hospital (9/25/2015); Borgess Health Center for Excellence (9/28/2015); Borgess Stroke Clinic (9/30/2015); Goshen General Hospital (10/15/2015); Three Rivers Health (10/30/2015); and, Michigan Medical Consultants (1/25/2016).  *See* SSA Important Information at PageID.599.  Plaintiff has neither provided copies of this new evidence nor a detailed description of the findings contained in the evidence.  Plaintiff has not met her burden of establishing either good cause or materiality.  Accordingly, plaintiff's request for a sentence six remand will be denied.

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence.  The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).  A judgment consistent with this opinion will be issued forthwith.


Dated:  September 12, 2016            /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge